IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SOPHIA VAZQUEZ, a Minor, By Parents and Guardian, IVANNIA VAZQUEZ | * * | |
| Plaintiff, | * * | JURY TRIAL DEMANDED |
| vs. | * * | CASE NO.:_____ |
| WAL-MART Inc. and JOHN DOES 1-5 | * * * | |
| Defendants. | * | |

**COMPLAINT FOR DAMAGES**

COMES NOW SOPHIA VAZQUEZ, Plaintiff in the above-styled action, and brings this Complaint for Damages, and shows the Court the following:

1.

SOPHIA VAZQUEZ is, and at all times material to this action, was a resident of the State of Georgia.

2.

Defendant Wal-Mart, Inc is subject to the jurisdiction and venue of this Court.

3.

Defendant Walmart is a resident of the state of Georgia and may be personally served at 2592 N Columbia St, Milledgeville, GA 31061.

4.

The true names or capacities of Defendants named herein as John Does (1-5) [hereinafter collectively referred to as "John Does"] are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show said

John Does' true names and service addresses when the same have been ascertained. Plaintiff identifies John Does 1-5 as either joint tortfeasors or possible additional liable parties. Plaintiff

alleges on information and belief that John Does are in some manner responsible for the acts or omissions alleged herein.

5.

On 08/17/2019, Defendant Walmart negligently failed to produce any warning signs.

6.

The Defendant Walmart Inc owed duties of due and reasonable care to Plaintiff, as well as to other motorists on the road.

7.

Defendant Walmart negligence, which constitutes the direct and proximate cause of the injury to Plaintiff SOPHIA VAZQUEZ, also consisted of, but was not limited to, the following:

(a) Failing to exercise ordinary diligence in violation of O.C.G.A. § 51-1-2-64;

(b) Failure to exercise ordinary care;

(h) Failure to keep a proper lookout;

(i) Committing other reckless and negligent acts and omissions, as shall be shown by the evidence and proven at trial.

8.

At all times material hereto, Plaintiff SOPHIA VAZQUEZ conducted herself in a safe and lawful manner and did not in any way cause or contribute to the circumstances which caused him to sustain serious bodily injury.

9.

As a direct and proximate result of Defendants' negligence, Plaintiff SOPHIA VAZQUEZ has suffered and will continue to suffer the following:

(a) past, present and future physical and mental pain and suffering;

(b) past, present and future loss of enjoyment of life;

(c) past, present and future loss of earnings and income; and

(d) past, present and future loss of ability to labor and earn money, as well as other damages.

10.

As a direct and proximate result of the injuries sustained in the subject collision caused by the negligence of Defendants, Plaintiff SOPHIA VAZQUEZ has incurred substantial medical expenses and will continue to require and incur reasonable and necessary medical expenses due to his painful injuries.

11.

By reason of the foregoing, Plaintiff SOPHIA VAZQUEZ is entitled to recover from Defendants compensatory and other damages in such amounts as may be shown by the evidence at trial and determined in the enlightened conscience of the jury.

WHEREFORE, SOPHIA VAZQUEZ prays and respectfully demands verdict and judgment as follows:

(a) That Summons and Process issue and that the named Defendants be served with a copy of this Complaint and that Defendants be required to appear and answer;

(b) That Plaintiff be awarded compensatory damages against Defendants, in such an amount as may be shown by the evidence and as may be determined in the enlightened conscience of the jury;

(c) That Plaintiff be awarded special damages in an amount as may be shown by the evidence and proven at trial;

(d) That Defendants be charged with all Court costs attributable to this action and such other costs reasonably incurred in the prosecution and trial of this case;

(e) That Plaintiff be granted a trial by jury; and,

(f) That Plaintiff be granted such other and further relief as may be shown by the evidence and the law, and as this Court may deem just and appropriate.

(g) That in any instance of Default, Plaintiff be granted default judgment for all related medical bills plus $100,000 for loss wages, pain and suffering, future treatment, and related expenses.

Respectfully Submitted This 23rd Day of March, 2021

**GREGORY McMILLAN & ASSOCIATES**


_____
ISAIAH GREGORY
Attorney at Law
3295 River Exchange Drive Suite 545
Peachtree Corners, GA 30092
Phone #: (404) 328-7818
Email: isaiah@gmageorgia.com
CC: admin@gmageorgia.com
Fax: (478) 772-3551
Georgia Bar #: 672303