# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

Sophia Vazquez,

      Plaintiff,

vs.

WAL-MART INC. AND JOHN DOES 1-5,

      Defendants.

_____/

CIVIL ACTION
FILE NO.: 5:21-cv-00098-MTT

## **PLAINTIFF'S NOTICE OF OPPOSITION TO DEFENDANT'S STATEMENT OF FEES**

COMES NOW Plaintiff SOPHIA VAZQUEZ by and through their undersigned attorney ISAIAH GREGORY files and makes this Objection to Wal-Mart's Statement of Fees and Expenses as follows:

1.

On May, 18, 2021 this court Order (Doc.12) required Defendant Wal-Mart to itemize its expenses and fees as it relates to their appearance at the May 4, 2021 status conference.

2.

This Order stated clearly that an itemized statement of expenses and fees *shall* be submitted with Defendant's statement of fees to the Court.

3.

On the same order, the Court presented for Plaintiff's counsel to pay said itemized fees and expenses to the Court based on Defendant's submission within fourteen days from the Court's order to pay.

4.

The Court's ordered on June 2, 2021 (Doc. 16) provided Plaintiff's counsel fourteen days to file *any* objection thereto prior to any decision for consideration for the Courts.

5.

The fees and expenses material here and stated in the Court's Order (Doc. 12) relates to a in-person status hearing on May 4, 2021 in which Plaintiff's counsel was not present.

6.

The Court ordered Defendant to produce to the Court both a reasonable and particularized breakdown of attorney's fees and expenses in their submission to the Courts.

7.

In Defendant's filed submission (Doc.15) Defendant produced to the Courts a mere statement of fees and expenses and nothing further in light of the Court's consideration and review as ordered.

8.

Plaintiff objects to the fees as submitted to the Court as Defendant failed to list, recall, or breakdown its actual fees for the Courts review and for its determination on reasonableness of fees presented.

9.

Defendant's statement of fees and expenses were not itemized as required by the Order of this court (Doc.12) entered on May, 18 2021.

10.

Pursuant to Order (Doc. 16) of this Court, Plaintiff's counsel objects to the full fees submitted by Defendant as Plaintiff's counsel cannot base with reasonableness and certainty whether or not the fees submitted are in fact reasonable as it relates to the May 4, 2021 (Doc. 8) hearing.

11.

Plaintiff's counsel objects to the fees as presented as the statement is a mere statement of travel expense and fees that cannot be particularized.

12.

Plaintiff's counsel finds Defendant Wal-Mart's Statement of Fees and Expenses conclusory which in essence provided Plaintiff's counsel prejudicial inability for presentment to the Court on confirming validity or to raise doubt as to fees presented.

13.

Plaintiff's objections could have been cured or waived if Defendant had followed the Order of this Court entered on May, 18, 2021.

14.

Defendant's failure to itemize Defendant's expenses and fees pursuant to the Order of the court makes it difficult for Plaintiff's counsel to ascertain whether the fees are reasonable.

15.

Defendant's failure to mention Defendant's hour(s) of attorney fees to be considered pursuant to Court's Order makes it difficult for Plaintiff's counsel to ascertain whether the fees are reasonable.

16.

Defendant's failure to provide in their statement what attorneys' fees were incurred as it relates to the May 4, 2021 status hearing which makes it difficult to ascertain whether the fees are in fact reasonable.

17.

Defendant's failure to mention how much travel time Defendant considered in its request to the Courts as well as the location of departure (firm, home, in the area, etc.) makes it difficult to ascertain whether the fees are reasonable.

18.

Defendant's fees and expenses presented in its one sentence statement presented is in itself unreasonable and unfair to the determination of reasonableness of fees incurred.

19.

Based on Defendant's mere statement of travel expenses Plaintiff's counsel finds the travel expenses to be unreasonable and impracticable.

20.

Based on Defendant's mere statement of fees incurred at the status hearing on May 4, 2021 Plaintiff's counsel finds the attorney fees to be unreasonable and impracticable.

21.

Defendant's statement and fees as presented on June 1, 2021 cannot be determined on its reasonableness as it is conclusory, ambiguous, vague, overbroad, and does not comply with the courts Order (Doc. 12) which required in its order an itemized statement of fees and expenses to be presented by Defendant as to determine its reasonableness.

WHEREFORE, Plaintiff prays that Defendant's Request (Doc. 15) be rejected in its entirety, or in the alternative be ordered to amend in order to comply with this Court's Order (Doc. 12), and that Plaintiff and Plaintiff's counsel have such other and further relief as is just and proper.

Respectfully Submitted This 16th Day of June, 2021,

GREGORY MCMILLAN AND ASSOCIATES

By: _____
**ISAIAH GREGORY**
Georgia Bar No. 672303
Attorney for Plaintiff

3295 RIVER EXCHANGE DRIVE, SUITE 545
PEACHTREE CORNERS, GEORGIA 30092
404.328.7818 (OFFICE)
ISAIAH.GREGORY@GMAGEORGIA.COM (EMAIL)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

Sophia Vazquez,

    Plaintiff,

vs.

WAL-MART INC. AND JOHN DOES 1-5,

    Defendants.

_____/

CIVIL ACTION
FILE NO.: 5:21-cv-00098-MTT

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing upon Defendant's counsel of record in this action by email via the Court's online filing system.

    Dated on this 16th day of June, 2021

    By:  /s/ Isaiah Gregory
         ISAIAH GREGORY
         GA Bar No. 672303
         Attorney for Plaintiff

3295 RIVER EXCHANGE DRIVE, SUITE 545
PEACHTREE CORNERS, GEORGIA 30092
404.328.7818 (OFFICE)
ISAIAH.GREGORY@GMAGEORGIA.COM (EMAIL)